**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
JOSE FRANKLIN SAUCEDO,
                      *Plaintiff,*

    - against -

BERKLEY OWNERS CORP., and MITCHELL KAPLAN
                      *Defendants.*
---------------------------------------------------------------x

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Jose Franklin Saucedo (the "Plaintiff"), by and through his attorneys Mohammed Gangat, Esq. and Eliseo Cabrera, Esq., brings this complaint against Berkley Owners Corp., and Mitchell Kaplan ("Defendants"), and alleges, as follows:

### NATURE OF THE CASE

1. This action is brought to recover unpaid minimum wages, and overtime wages, owed to Plaintiff by Defendants, in addition to damages for Defendants' failure to provide required wage notices and statements.

2. The relevant statutory period for Plaintiffs' federal claims under the FLSA is the three-year period preceding the date of the filing of the complaint, and the statutory period applicable to Plaintiffs' state law claims under the NYLL is the six-year period preceding the date of the filing of the complaint.

2. Plaintiff was denied overtime pay despite regularly working in excess of 40 hours per week. Defendants further withheld Plaintiff's earned final wages, including certain reimbursements.

3. Plaintiff brings this action to seek all available remedies, including compensatory, punitive, liquidated, and statutory damages, as well as attorneys' fees, costs, and other appropriate relief.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

7. Plaintiff Jose Franklin Saucedo is a 57-year-old Colombian. He was employed by Defendants for approximately 34 years, from about June 1990 through November 4, 2024.

8. At all relevant times, Plaintiff is a covered individual\ within the meaning of the FLSA, U.S.C. §§ 206(a) and (207(a), and NYLL §§ 190(2) and 651(5).

9. Defendant Berkley Owners Corp. (collectively referred to as "Berkley") is, upon information and belief, a cooperative corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 170 West 74th Street, New York, New York 10023. Berkley operates and maintains a residential cooperative building at said address. Berkley is an "employer" as defined by the New York Labor Law § 651(6), and all other relevant state, and local employment statutes. At all relevant times, Berkley employed Plaintiff and other employees and exercised control over the terms and conditions of their employment, including hiring, firing, supervision, work schedules, job duties, and compensation.

10. Defendant Mitchell Kaplan is, upon information and belief, an individual who serves as Director of Berkley Owners Corp. and is a resident of the State of New York. In his capacity as Director, Kaplan possessed and exercised substantial control over Berkley's employment practices and had the authority to hire and fire employees, set work schedules, determine compensation, supervise operations, and control all other material terms and conditions of employment. Kaplan is an "employer" as defined

by the FLSA and NYLL, as he exercised significant operational control over Plaintiff's employment and the entity's employment practices.

11. Upon information and belief, at all relevant times, Defendants, individually and collectively, employed Plaintiff and/or exercised sufficient control over the terms and conditions of Plaintiff's employment, including but not limited to hiring and firing decisions, work scheduling, compensation determination, job supervision, and workplace policy implementation, such that they are jointly and severally liable as employers under all applicable federal, state, and local employment laws for the claims alleged herein.

12. At all relevant times, Defendants were employers of Plaintiffs within the meaning of the FLSA, U.S.C. § 203(d), NYLL § 190(3).

13. Upon information and belief, at all times relevant to the allegations in this Complaint, Defendants jointly employed Plaintiff and had the power to exercise control over the terms and conditions of their employees' employment, including Plaintiffs' employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

14. Upon information and belief, at all times relevant to the allegations in this Complaint, the entity Defendant in this action was the "enterprise engaged in commerce" within the meaning of the FLSA in that, at all relevant times, it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

11. Plaintiff began working at 170 West 74th Street (operated by Defendant) in approximately June 1990 and continued until on or about November 4, 2024—a period of about 34 years.

12. For the majority of his employment, Plaintiff worked as the building's Superintendent. His responsibilities included and not limited to checking boilers, handling complaints, responding to plumbing, heating, gas, electrical, and elevator emergencies, and performing or overseeing repairs (including work inside individual apartments).

13. Plaintiff's most recent weekly salary was approximately $1,655.77 gross, paid on a weekly basis. He commonly worked between 55 and 60 hours per week (or more), consistently exceeding 40 hours per week.

14. Despite working overtime hours, Plaintiff never received overtime compensation at the rate of one-and-a-half times his regular rate of pay, in violation of the FLSA.

15. Plaintiff and Defendants never reached any agreement concerning overtime premium.

16. In fact, Defendants never discussed their obligation to pay overtime premium to Plaintiff or otherwise discuss how to account for paying for overtime hours.

17. Plaintiff was expected to be present at the premises and working from Monday thru Friday 9:00 a.m. to 5:00 p.m. and work additional hours beyond that to cover all assigned duties. In practice, this meant that he regularly worked 3–4 additional hours each day after 5:00 p.m. and occasionally on weekends. Defendants were fully aware of these extra hours but failed to compensate Plaintiff accordingly and failed to engage in any discussion concerning any limit on his hours or premium payment for hours.

18. Defendants did not implement a timekeeping system reflecting the hours Plaintiff actually worked.

19. Defendants did not keep a record of daily hours worked or weekly hours worked.

20. Defendants have withheld final wages, including holiday pay, sick pay, and certain reimbursements (including phone and insurance payments), in violation of the NYLL.

21. Plaintiff believes that such withholding was also used as leverage to force him and his wife out of their apartment quickly, compounding the financial and emotional trauma.

22. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages and overtime compensation in direct contravention of the FLSA and NYLL.

23. At all relevant times, Defendants continuously employed Plaintiffs to work as non-exempt employees.

24. Defendants knowingly and willfully failed to furnish Plaintiffs with accurate statements with every payment of wages, listing gross wages, deductions and net wages as required by NYLL § 195.

25. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time and pay records.

26. Defendants failed to display in a place accessible to employees and in a visually conspicuous manner the notices of employee rights to receive the overtime pay at a rate of one and one-half times their regular rate as required under the NYLL.

## STATEMENT OF CLAIM

### COUNT I: Failure to Pay Overtime under the FLSA

27. Plaintiff repeats and re-alleges each and every allegation set forth above.

28. Defendants are employers engaged in interstate commerce and/or the production of goods for interstate commerce, within the meaning of the FLSA.

29. Plaintiff regularly worked in excess of 40 hours per workweek but was never compensated at the statutory rate of one-and-a-half times his regular rate of pay for the hours he worked in excess of 40.

30. Defendant's failure to pay Plaintiff overtime compensation constitutes a willful violation of the FLSA, 29 U.S.C. § 207 as they never even had a discussion of their overtime obligations with Plaintiff, or any discussion whatsoever of any limit on his hours, and premium payment for hours in excess of 40.

31. To the extent Defendants were unaware, that itself shows willfulness because employer have an obligation to understand the basics of wage and hour law, especially in the context of a large company with significant real estate holdings and cash flow, and can afford to spend the time and resources necessary to understand the minimum wage obligations in New York.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs.

### COUNT II: Failure to Pay Wages under the NYLL

33. Plaintiff repeats and re-alleges each and every allegation set forth above.

34. Under the NYLL, Defendants were obligated to pay Plaintiff one-and-a-half times his regular rate of pay for all hours worked over 40 in a given week.

35. Under the NYLL, Defendants were obligated to pay Plaintiff spread of hours pay for each day working a shift of split-shift in excess of ten hours per day.  Plaintiff on a weekly basis worked 1-2 such shifts.

36. Defendants knowingly failed to pay Plaintiff overtime compensation, thereby violating the NYLL and its implementing regulations.

37. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between actual wages received and the amounts that were owed under the

New York Labor law. The deficiency accounts for all unpaid minimum wages, unpaid overtime compensation for all overtime hours, spread of hours pay, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§ 663(1), 191(1), 198.

38. As a result, Plaintiff is entitled to recover his unpaid wages, liquidated damages, attorneys' fees, costs, and any other damages allowed by law.

### COUNT III: NYLL - *Unpaid Minimum Wages*

39. Plaintiff realleges and re-avers each and every allegation and statement contained in the above paragraphs of this Complaint as if fully set forth herein.

40. Defendants employed Plaintiff within the meaning of NYLL §§ 2 and 651.

41. Pursuant to Part 141, Building Service Industry Wage Order, Defendants were required to pay Plaintiff a unit rate based on the number of units for which he was claimed to be the resident superintendent.

42. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay minimum wages due. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between actual wages received and the amounts that were owed under the New York Labor law. The deficiency accounts for all unpaid minimum wages, unpaid overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL §§ 663(1), 191(1), 198.

43. Plaintiff is also entitled to liquidated damages pursuant to NYLL § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT IV: Failure to Provide Proper Wage Notice and Wage Statements

44. Plaintiff repeats and re-alleges each and every allegation set forth above.

45. Defendants failed to provide Plaintiff with accurate wage statements indicating the actual hours worked, the rates of pay, and other required information, in violation of NYLL § 195(3).

46. Defendants also failed to provide Plaintiff with a wage notice upon hire or upon changes in pay, in violation of NYLL § 195(1).

47. As a result, Plaintiff is entitled to recover statutory damages under NYLL §§ 198(1-b) and 198(1-d), plus costs and attorneys' fees.

### *COUNT IV:* **Wrongful Withholding of Final Wages in Violation of NYLL**

92. Plaintiff repeats and re-alleges each and every allegation set forth above.

93. After terminating Plaintiff, Defendants withheld his final wages, including holiday pay, sick pay, and certain reimbursements, unless he vacated his employer-provided apartment within an unreasonably short deadline.

94. Such actions violate the NYLL's requirement that earned wages be paid in full and in a timely manner.

95. Plaintiff seeks the recovery of all withheld wages, plus any statutory damages, attorneys' fees, and costs as permitted by law.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

i. An award for all unpaid wages lost due to Defendant's unlawful conduct, plus an equivalent amount of liquidated damages, plus pre- and post-judgment interest;

ii. Statutory damages for violations of the NYLL's wage notice and wage statement provisions;

iii. Attorneys' fees, costs, and disbursements of this action, pursuant to applicable laws, including 29 U.S.C. § 216(b), NYLL § 663, and N.Y.C. Admin. Code § 8-502(g);

iv. Any and all further legal or equitable relief the Court deems just, proper, and equitable.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
　　　　July 14, 2025

　　　　　　　　　　　　　　**LAW OFFICE OF MOHAMMED GANGAT**

　　　　　　　　　　　　By:　_____
　　　　　　　　　　　　　　Mohammed Gangat, Esq.
　　　　　　　　　　　　　　675 Third Avenue, Suite 1810
　　　　　　　　　　　　　　New York, New York
　　　　　　　　　　　　　　(718) 669-0714
　　　　　　　　　　　　　　mgangat@gangatllc.com

　　　　　　　　　　　　　*Attorneys for Plaintiff*